MCINTOSH LAW CORPORATION
Eric McIntosh, Esq., SBN 182163
Mail: 400 Oceangate, Seventh Floor
Long Beach, CA 90802
(562) 216-2608; (562) 216-2611Fax
emac@themcintoshlaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JESUS GONZALEZ, *an individual,*

      Plaintiff,

v.

OCEAN AVENUE PROPERTIES, LLC,
*a California limited liability company,*

      Defendant.
_____/

CASE NO.:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT**

## **COMPLAINT**

Plaintiff, JESUS GONZALEZ, (hereinafter "Plaintiff"), sues Defendant, OCEAN AVENUE PROPERTIES, LLC, (hereinafter "Defendant") for injunctive relief, attorneys' fees, litigation costs, and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), the ADA Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and the California Unruh Civil Rights Act, California Civil Code §51, *et. seq.* ("Unruh Act"), and alleges as follows:

## **INTRODUCTION**

1. Defendant owns and/or operates that certain hotel known as SEA BLUE HOTEL, located in Santa Monica, California (the "Hotel"). The Hotel has a website located at www.seabluehotel.com (the "Website"). The Hotel takes reservations through its Website and provides information regarding available guestrooms and amenities.

COMPLAINT - 1

2.    As of March 15, 2012, Defendant was required by the ADA and ADAAG, and as a consequent by the Unruh Act, to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act of 1990 (*see also*, 28 U.S.C. §§ 2201 and 2202).

4.    This Court has supplemental jurisdiction over Plaintiff's claims arising under California State law. 28 U.S.C. §1367(a).

5.    This Court has personal jurisdiction over Defendant in this action. The Hotel is located in this District.

6.    Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; specifically, the Hotel is located in this District.

## PARTIES

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l).

COMPLAINT - 2

7.    At all times Material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of Miami-Dade County, Florida.

8.    Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff is a diagnosed paraplegic and uses a wheelchair for mobility purposes.

9.    Defendant is a CALIFORNIA LIMITED LIABILITY COMPANY and is the owner and/or operator of the Hotel and has control over the content of the Website.

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12181, *et. seq.*)

10.    Plaintiff re-alleges and re-avers the contents of Paragraphs 1-10 above, as though fully set forth herein.

11.    On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. §12101(b)(l) - (4).

12.    Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans with Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

13.    On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

COMPLAINT - 3

Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –

(i)     Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)   Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)     Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

14.    In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

15.    Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive

COMPLAINT - 4

information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" is not sufficient.

16.   In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

> *28 C.F.R. Part 36, Appx. A.*

17.   Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

18.   For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

19.   However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room

COMPLAINT - 5

or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

20.   The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.

21. It is critically important to Plaintiff that any hotel at which he stays is accessible to him, which takes some research. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online, which is the fastest, easiest, and most convenient way for him to do so.

22.   The Website allows reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

23. Plaintiff visited the Website to learn about accessible features of Defendant's Hotel, to independently assess whether the Hotel is accessible to him, and to see if he could reserve an accessible room at the Hotel online. He did this both in furtherance of future vacations that he would like to take to Southern California, and as an advocate for the disabled in general. Upon his visit, Plaintiff discovered that the Website did not provide meaningful accessibility information, as required.

24.   In fact, a review of the Website reveals that the homepage says nothing about accessibility or the ADA. There is an accessibility statement that mentions undergoing modifications but no additional information on how the hotel will be accessible. The *Rooms* link provides more information about the types of rooms and are described as California Classic Queen, One Queen + One Twin, Two Doubles, Two Queens, Junior Suite, and Alcove Suite, none of

which provide information about accessibility. The *Book Now* link provides an online calendar to make selections and book a room, however, no options exist for an accessible room. At any given time is there a way to search, view or book an accessible room.

25.   The Website likewise has inadequate accessibility information concerning common areas and hotel amenities. There is no indication at any point that the Hotel common areas and amenities meet the 1991 Standards, nor any indication:

a.   Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

b.   Whether the meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

c.   Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

d.   Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

e.   Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not

COMPLAINT - 7

comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

f.   Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

g.   Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

h.   Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

i.   Whether the route from the public entrance to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

j.   Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

k.   Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

l.   Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

m.   Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

n.   Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

26.   This is not intended to be an exclusive list, and Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

27.   In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest

COMPLAINT - 9

rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

28.     Plaintiff will visit the Website again upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of his specific accessibility needs, and determine whether he can reserve an accessible guestroom. If the Hotel and an available accessible guestroom are independently evaluated to be the best suited to his accessibility needs, Plaintiff will reserve a room online.

29.     Defendant has discriminated against Plaintiff and others with disabilities by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

30.     Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

31.     Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless

COMPLAINT - 10

and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

32.   Plaintiff is without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

33.   Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

## SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CAL CIV. CODE §51, *et. seq.*)

34.   Plaintiff re-alleges and re-avers the contents of Paragraphs 1-33 above, as though fully set forth herein.

35.   California Civil Code §51, *et. seq.*, the Unruh Act, guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.

36.   The Unruh Act guarantees that persons with disabilities are entitled to full and equal accommodations, services, facilities, advantages, and privileges, in all California business establishments of every kind whatsoever within the jurisdiction of the jurisdiction of the State of California. *Cal. Civ. Code §51(b)*.

COMPLAINT - 11

37.    As a place of public lodging (a hotel) located within the jurisdiction of the State of California, Defendant is subject to, and required to comply with, the mandates imposed by the Unruh Act, *Cal. Civ. Code §51et. seq.*

38.    The Unruh Act provides that "violation of the right of any individual under the federal Americans with Disabilities Act of 1990 [] shall also constitute a violation of this section." *Cal. Civ. Code §51(f).*

39.    The action of Defendant as set forth above constitute violation of the ADA, and violation of the Unruh Act, and inhibited Plaintiff in the exercise of his legal right to evaluate the accessible features of the Hotel, evaluate independent whether the Hotel best meets his individual accessibility needs, and, if so, to reserve an accessible room online.

40.    Plaintiff is entitled to injunctive relief remedying the discrimination described herein. *Cal. Civ. Code §52.* Plaintiff intends to return to the Website after entry of an injunction curing the discrimination set forth above, in order to make use of the Website, use it to independently evaluate accessibility, and accessible rooms at the Hotel, and if it best meets his individual accessibility needs, to reserve an accessible room online.

41.    Plaintiff is additionally entitled to minimum statutory damages pursuant to *Cal. Civ. Code §52,* for each and every violation of the Unruh Act, *Cal. Civ. Code §52(a).* Plaintiff demands an award of all such damages in this case.

WHEREFORE, Plaintiff, JESUS GONZALEZ, respectfully requests that this Court enter judgment against Defendant, and in his favor, as follows:

a.    Declaring that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant, and is in violation of the ADA and the Unruh Act;

COMPLAINT - 12

b.  Entering temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the ADA and the Unruh Act, and requiring that Defendant maintain and control content on any website through which it takes online reservations, for any hotel that it owns or operates, in full compliance with 28 C.F.R. §36.302(e)(l).

c.  Entering an award of compensatory damages in accordance with *Cal. Civ. Code §52.*

d.  Entering an award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

e.  Entering all such further relief as is deemed just and equitable in this case.

DATED this 28th day of January, 2021.

MCINTOSH LAW CORPORATION
Eric McIntosh, Esq., SBN 182163

By: _____
ERIC McINTOSH, Esq.
emac@themcintoshlaw.com

COMPLAINT - 13